IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>ALLAN SLATE,　　　　(01)<br><br>　　　　Defendant. | CR. NO. 15-00893 (01) JMS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR CONSIDERATION OF COMPASSIONATE RELEASE, ECF NO. 114 |

## ORDER DENYING DEFENDANT'S MOTION FOR CONSIDERATION OF COMPASSIONATE RELEASE, ECF NO. 114

### I. INTRODUCTION

Defendant Allan Slate ("Defendant") moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), from Federal Correctional Institution ("FCI") Beaumont Low due to the COVID-19 pandemic. ECF No. 114. Based on the following, the motion is DENIED.

### II. BACKGROUND

Defendant is a 36-year-old inmate incarcerated at FCI Beaumont Low, and is scheduled for release from custody on June 12, 2025. *See* https://www.bop.gov/inmateloc/ (last visited August 13, 2020).

On September 19, 2016, Defendant pled guilty to both counts of a two-count Indictment charging him with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine (count 1) and possession with intent to distribute one gram of methamphetamine (count 2).  ECF Nos. 14, 65, 68 & 72. On April 14, 2017, this court sentenced Defendant to concurrent terms of 120 months imprisonment and five years of supervised release for each count.  *See* ECF Nos. 106, 107.[1]

Defendant attaches to his motion a June 20, 2020 request to, among others, the Warden at FCI Beaumont Low requesting "immediate home confinement for me due to the dangers of exposure to the COVID virus . . . ." ECF No. 114-1 at PageID #450.  Although this June 20, 2020 request appears to be a request for placement on home confinement, the court liberally construes it as a request for compassionate release.[2]  It appears that the June 20,

---

[1] Defendant's total offense level 35, Criminal History Category I, resulted in an advisory United States Sentencing Guideline range of 168 to 210 months incarceration.  Applying the 18 U.S.C. § 3553(a) factors, the court varied downward from the Guideline range and sentenced Defendant to a total of 120 months, the mandatory minimum sentence as to Count 1.  *See* ECF No. 108.

[2] The United States does not argue that the June 20, 2020 request does not qualify as a request for compassionate release.  Instead, the United States asks the court to place a burden on the Defendant to prove that the request was sent to, and received by, FCI Beaumont Low's Warden.  The court refuses to place such a high and likely impossible burden on a pro se defendant.

2020 request was never answered. On July 7, 2020, Defendant, proceeding pro se, filed this "Motion for Consideration of Compassionate Release" pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 114. On August 11, 2020, the United States filed its Response, ECF No. 118. The court decides the motion without a hearing pursuant to Local Rule 7.1(c).

### III.  DISCUSSION

**A.    Legal Standard**

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018,[3] which provides as relevant:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that—
>
>     (i) extraordinary and compelling reasons warrant such a reduction;
> . . . .

---

[3] Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, the court may reduce Defendant's sentence if: (1) Defendant has exhausted the required administrative remedies; (2) Defendant has shown that "extraordinary and compelling reasons" warrant the reduction; and (3) the reduction is consistent with applicable Sentencing Commission's policy statements. Here, Defendant has submitted evidence showing that he made a request to the warden for compassionate release, and the required 30 days have since passed. *See* ECF No. 114-1.

The United States Sentencing Commission's policy statement, United States Sentencing Guideline ("Guideline") § 1B1.13, provides, as relevant to Defendant, that the court may grant a motion for compassionate release only if, after consideration of the applicable § 3553(a) factors, the court determines that extraordinary and compelling reasons exist to warrant a sentence reduction, the defendant is not a danger to another person or to the community, and a sentence reduction is consistent with the policy statement.

Guideline § 1B1.13 provides three specific examples of extraordinary and compelling reasons for compassionate release—the defendant's terminal medical condition, deterioration of health due to advanced age, and extenuating family circumstances—along with a fourth, catch-all provision granting discretion

to the Bureau of Prisons ("BOP") Director to determine whether other extraordinary and compelling reasons exist.  *See* Guideline § 1B1.13 n.1(A)-(D).  In a detailed analysis, this court previously determined that the "discretion to determine whether 'other' extraordinary and compelling reasons exist granted by [Guideline § 1B1.13 n.1(D)] to the BOP Director applies equally to the court when ruling on motions for compassionate release."  *United States v. Hernandez*, 2020 WL 3453839, at *4 (D. Haw. June 24, 2020).  The court incorporates that analysis here.

**B.     Extraordinary and Compelling Reasons Do Not Warrant Release**

Defendant bears the burden to establish extraordinary and compelling reasons that warrant compassionate release.  *See, e.g.*, *United States v. Bolden*, 2020 WL 4286820, at *3 (W.D. Wash. July 27, 2020); *United States v. Proudfoot*, 2020 WL 4284128, at *4 (D. Or. July 27, 2020).  Here, Defendant contends that: (1) he has "a history of smoking that has compromised his lung capacity and weakened his immune system," ECF No. 114 at PageID #445; and (2) "the pandemic is closing in on FCI Beaumont," *id*. at PageID # 446.  The court addresses both of these arguments.

As to his first contention, Defendant provides no medical records to support his claim, and does not even provide the court with any specifics regarding his smoking history.  But even assuming that Defendant has been a smoker (it

seems unlikely that he still smokes while incarcerated), according to the Centers for Disease Control and Prevention ("CDC"), individuals who smoke "might be at an increased risk for severe illness from COVID-19." *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 13, 2020). At most, then, Defendant *may* be at an increased risk.

Second, FCI Beaumont Low currently has 30 inmates and 1 staff member with "confirmed active cases." *See* https://www.bop.gov/coronavirus/ (COVID-19 resource page) (last visited August 13, 2020). But these numbers are greatly reduced from prior months. During the course of the pandemic, out of a total of 813 inmates tested at FCI Beaumont Low, 529 tested positive for COVID-19. *See id*. As of July 23, 2020, FCI Beaumont Low reported 464 active COVID-19 infections, including 463 inmates and 1 staff member. *See United States v. Casiano*, 2020 WL 4345104, at *2 (D. Conn. July 29, 2020). As these numbers demonstrate, FCI Beaumont Low has made significant progress in reducing the number of active cases within the facility.[4]

---

[4] FCI Beaumont Low, a low security institution, presently houses 1,423 inmates, with 446 inmates housed in an adjacent camp. *See* https://www.bop.gov/locations/institutions/bml/ (last visited August 13, 2020). The BOP's website, reporting 30 inmates and 1 staff member with confirmed active cases of COVID-19 at FCI Beaumont Low, appears to include numbers from both the low security facility and the camp.

The court concludes based on the existing evidence that Defendant has failed to demonstrate that extraordinary and compelling reasons warrant compassionate release. Although Defendant's smoking may place him at a higher risk if he contracts COVID-19, he has no other medical conditions that place him at an elevated risk. Further, Defendant is 36 years old, and the number of COVID-19 cases at FCI Beaumont Low has dropped dramatically over the past few months.

And to the extent that Defendant makes a more generalized argument regarding the risk of contracting COVID-19 in a BOP facility, the court disagrees. *See, e.g.*, *United States v. Drummondo-Farias*, ___ F. Supp. 3d ___, 2020 WL 2616119, at *5 (D. Haw. May 19, 2020) ("Additionally, '[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement[.]'") (quoting *United State v. Eberhart*, ___ F. Supp. 3d ___, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020)).[5]

///

///

---

[5] Further, a consideration of the § 3553(a) factors counsel against release. Defendant was a significant pound-level distributor of methamphetamine on the island of Maui, and received a two-level upward adjustment for his role in the offense. *See* Presentence Investigation Report ¶¶ 11-17 & 31, ECF No. 104, at PageID #385-86, 388. Further, Defendant has only served approximately 50% of his sentence.

## IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion for compassionate release, ECF No. 114, is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 13, 2020.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*United States v. Slate*, Crim. No. 15-00893 JMS (01), Order Denying Defendant's Motion for Consideration of Compassionate Release, ECF No. 114